UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEVIN CARTER,

    PLAINTIFF,

V.                                                      CASE NO.: 8:19 – cv – 1208

VENICE HMA LLC D/B/A VENICE
REGIONAL BAYFRONT HEALTH,

    DEFENDANT.

_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. This is an action on behalf of the Plaintiffs, KEVIN CARTER (hereinafter "Plaintiff") to secure protection of and redress deprivation of rights secured by 42 U.S.C. § 2000 et seq. providing for injunctive, compensatory, punitive and other relief against race discrimination and retaliation.

2. On or about February 13, 2019, the Plaintiff filed a formal charge alleging discrimination on the basis of his Race (African American) and retaliation against VENICE HMA LLC d/b/a VENICE REGIONAL BAYFRONT HEALTH ("Defendant") with the Equal Employment Opportunity Commission (EEOC). (A true and accurate copy of his EEOC Charge of Discrimination is marked as Exhibit "A")

3. Plaintiff received his Notice of Right to Sue from EEOC on March 4, 2019 and the instant Complaint is filed within the requisite time frame required under the law. (A true and accurate copy of the Notice of Suit Rights are attached as Exhibit "B")

## PARTIES

4. At all material time herein through his filling of a formal charge with the EEOC, the Plaintif resided in Charlotte County, Florida.

5. Defendant is a Florida limited liability company operating Venice Regional Hospital in Sarasota County, Florida..

## JURIDICTION AND VENUE

6. The unlawful employment actions complained of herein took place in Sarasota County, Florida and venue is proper in the Middle District of Florida pursuant to 28 U.S. C. § 1391 (b).

7. At all relevant times, Defendant was an Employer within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq. in that it employed 15 or more individuals in twenty (20) or more weeks in the current or preceding year and was in an "industry affecting commerce" as that term is defined and interpreted under Title VII.

## FACTUAL BACKGROUND

12. The Plaintiff African American (black) was hired as a Certified Surgical Technician on or about November 20, 2018 with a start date of December 3, 2018.

13. The Plaintiff's supervisor was Annette Krupa.

14. The Plaintiff was the only African American (black) Certified Surgical Technician.

15. On December 12, 2018, the Plaintiff found a note in his locker stating: "the only reason they gave you more money is because your'e BLACK" (A true and accurate copy of the note is attached as Exhibit "C").

16. The Plaintiff reported this harassment to his direct supervisor Annette Krupa. Ms. Krupa said she would speak with the individual suspecting of leaving the note. There was

significant unrest in the department over wages and the Plaintiff was brought in at a higher rate of pay (which he negotiated based upon his superior work experience from the John's Hopkins Hospital).

17. Between December 14 – December 20, 2018, the Plaintiff verbally reported the harassing letter to the Karen Fordham, CEO of the Defendant and requested a transfer to another shift. Ms. Fordham directed the Plaintiff to speak to Ms. Krupa about the incident. Ms. Fordham said she would follow up with Ms. Krupa. The Plaintiff then informed Ms. Krupa that he spoke with Ms. Fordham.

18. The Plaintiff received another threatening letter on December 21st, 2018 which stated: "We don't want your kind working here youre Worthless" (A true and accurate copy is attached as Exhibit "D".

19. In late December, the Plaintiff was informed by Ms. Krupa that he was being taken of the orientation schedule and informed that he was doing "great work".

20. While working for the Defendant, the Plaintiff was subject to racial, derogatory comments and statements including:

(a) An employee of the Defendant loudly stating during a luncheon that "they got kind of your food here" referring to fried chicken and watermelon;

(b) during a surgery Dr. Ng stated the "there's a black guy working here?", "when did you guys hire him" and then proceeded to harass and interrogate him about his qualifications;

(c) other employees would make comments such as "Kevin are you down the brothers", "you people", "What's up homey"

21. The Plaintiff received another letter on January 15, 2019 stating: "Your Black ass IS Fired

Thank You" (A true and accurate copy is attached as Exhibit "E").

22. The Plaintiff attempted to speak to Mr. Lemmon but was turned away from his office because he was busy.

23. While waiting to get in to see Mr. Lemmon, the Plaintiff was pulled into a meeting with Ms. Debra and Ms. Krupa.

24. The Plaintiff was blindsided with three Employee Counseling/Disciplinary Action Notices ("Notices"). None of these were (a) previously provided to the Plaintiff, (b) properly investigated, or (c) accurate. The Plaintiff was terminated on January 15, 2019 based upon the blatantly false Notices.

25. On January 20, 2019, the Plaintiff reported the issues leading to his wrongful termination and again requested an opportunity to be transferred based on his harassment.

26. The Defendant reviewed the blatantly false notices and agreed to reinstate him for the limited purpose of transferring him to Port Charlotte.

27. The Plaintiff had a great interview and was offered employment at Charlotte Bayfront Health with a Mr. Weeks. Mr. Weeks informed the Plaintiff he had two open positions. The Plaintiff's offer was rescinded after Mr. Weeks spoke with employees and/or agents of the Defendant.

28. The Plaintiff has retained attorney Frank M. Malatesta, Esq. with the Malatesta Law Office and agreed to compensate him at a reasonable hourly rate for his services.

**COUNT I: RACE DISCRIMINATION (NO ADVERSE ACTION)**

29. Plaintiff incorporates as if re-alleged Paragraphs 1 – 28.

30. Because Race was a motivating factor in the decision to construct to mistreat the Plaintiff and to disparage, malign, harass him, the Defendant and its agents violated Title VII of the

Civil Rights Act of 1964, and the Civil Rights Act of 1991, both as amended, with knowing and/or reckless disregard of the Acts' proscriptions.

31. As a direct, proximate and foreseeable result of the Defendant's discriminatory actions, the Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress, the potential loss of future employment and other non-pecuniary losses and intangible injuries. As a result of such discrimination and consequent harm, the Plaintiff has suffered such damages in an amount according to proof.

32. Defendant's conduct was despicable and the acts herein alleged were malicious and oppressive and were committed with an improper and evil motive to injure Plaintiff, amounting to malice and in conscious disregard of Plaintiff's rights.

WHEREFORE, Plaintiff, KEVIN CARTER, hereby demands and prays this Court to grant the following relief against VENICE HMA LLC D/B/A VENICE REGIONAL BAYFRONT HEALTH.:

(a) A declaratory judgment providing that the Defendant violated the Title VII;

(b) An award of compensatory damages to Plaintiff for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

(c) An award of punitive damages to Plaintiff to compensate him for the mental and emotional distress occasioned by Defendant's misconduct;

(d) Reasonable attorneys' fees and court costs,

(e) A trial by jury on all issues so triable; and

(f) Such other and further relief as the Court deems just and proper.

## COUNT II: RACE DISCRIMINATION HOSTILE WORK ENVIRONMENT (ADVERSE ACTION)

33. Plaintiff incorporates as if realleged Paragraphs 1 – 28.

34. Because Race was a motivating factor in the decision to construct to terminate the Plaintiff, and the Defendant and its agents violated Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1991, both as amended, with knowing and/or reckless disregard of the Acts' proscriptions.

35. As a direct, proximate and foreseeable result of the Defendant's discriminatory actions, the Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress, the potential loss of future employment and other non-pecuniary losses and intangible injuries. As a result of such discrimination and consequent harm, the Plaintiff has suffered such damages in an amount according to proof.

36. Defendant's conduct was despicable and the acts herein alleged were malicious and oppressive and were committed with an improper and evil motive to injure Plaintiff, amounting to malice and in conscious disregard of Plaintiff's rights.

   WHEREFORE, Plaintiff, KEVIN CARTER, hereby demands and prays this Court to grant the following relief against VENICE HMA LLC D/B/A VENICE REGIONAL BAYFRONT HEALTH:

   (a) A declaratory judgment providing that the Defendant violated the Title VII;

   (b) An award of compensatory damages to Plaintiff in an amount equal to his lost

compensation, bonuses and benefits, occasioned by Defendants' misconduct;

(c) An award of general and punitive damages to Plaintiff to compensate him for the mental and emotional distress occasioned by Defendant's misconduct;

(d) Reasonable attorneys' fees and court costs,

(e) Reinstatement or front pay in leu of Reinstatement,

(f) A trial by jury on all issues so triable; and

(g) Such other and further relief as the Court deems just and proper.

## COUNT III: RETALIATION IN VIOLATION OF TITLE VII

37. Plaintiff incorporates as if realleged Paragraphs 1 – 28.

38. The Plaintiff engaged in protected activity when he reported the racial discrimination and hostile work environment to Ms. Krupa and Ms. Fordham.

39. The Plaintiff's termination was in retaliation for engaging in protected activity.

40. As a direct, proximate and foreseeable result of the Defendant's discriminatory actions, the Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress, the potential loss of future employment and other non-pecuniary losses and intangible injuries. As a result of such discrimination and consequent harm, the Plaintiff has suffered such damages in an amount according to proof.

41. Defendant's conduct was despicable and the acts herein alleged were malicious and oppressive and were committed with an improper and evil motive to injure Plaintiff, amounting to malice and in conscious disregard of Plaintiff's rights.

WHEREFORE, Plaintiff, KEVIN CARTER, hereby demands and prays this Court to grant

the following relief against VENICE HMA LLC D/B/A VENICE REGIONAL BAYFRONT HEALTH:

(a) A declaratory judgment providing that the Defendant violated the Title VII;

(b) An award of compensatory damages to Plaintiff in an amount equal to his lost compensation, bonuses and benefits, occasioned by Defendant's misconduct;

(c) An award of general and punitive damages to Plaintiff to compensate him for the mental and emotional distress occasioned by Defendant's misconduct;

(d) Reasonable attorneys' fees and court costs,

(e) Reinstatement or front pay in leu of Reinstatement,

(f) A trial by jury on all issues so triable; and

(g) Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

42. Plaintiff, by and through his undersigned attorney, hereby demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by jury in this action.

Respectfully submitted: this 17th day of May 2019.

/s/ Frank M. Malatesta, Esq.
FRANK M. MALATESTA, ESQ.
Florida Bar No. 0097080
Attorney for Plaintiffs
Malatesta Law Office
871 Venetia Bay Blvd., Suite 235
Venice, FL 34285
941.256.3812 PHONE
888.501.3865 FAX
frank@malatestalawoffice.com
staff@malatestalawoffice.com